09-4156-ag
Yu v. Holder

BIA
Defonzo, IJ
A099 679 537

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of September, two thousand ten.

PRESENT:
> REENA RAGGI,
> RICHARD C. WESLEY,
> GERARD E. LYNCH,
> > *Circuit Judges.*

_____

CHUN YONG YU,

‎_____*Petitioner*,

      v.                         09-4156-ag
                                           NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,

        *Respondent.*

_____

FOR PETITIONER:       Yee Ling Poon, New York, New York.

FOR RESPONDENTS:     Tony West, Assistant Attorney General; Shelley R. Goad, Assistant Director; Jennifer A. Singer, Trial Attorney, Office of Immigration Litigation, United States Department

**of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Chun Yong Yu, a native and citizen of the People's Republic of China, seeks review of a September 11, 2009, order of the BIA affirming the December 13, 2007, decision of Immigration Judge ("IJ") Paul A. Defonzo, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Chun Yong Yu*, No. A099 679 537 (B.I.A. Sept. 11, 2009), *aff'g* No. A099 679 537 (Immig. Ct. N.Y. City Dec. 13, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as supplemented by the BIA's decision. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir. 2007).

**I. Asylum**

Substantial evidence supports the agency's

determination that Yu's claimed fear of future persecution based on his conversion to Roman Catholicism is too speculative to warrant relief. Specifically, the BIA reasonably found Yu's claim-that if he returned to China, he would locate and join an underground church, police would then discover this underground church and associate him with it, and, consequently, the Chinese government would engage in harmful acts against him rising to the level of persecution-to be too speculative. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005); *cf. Savchuck v. Mukasey*, 518 F.3d 119, 124 (2d Cir. 2008); *Matter of J-F-F-*, 23 I. & N. Dec. 912, 918 n.4 (BIA 2006). Moreover, substantial evidence supports the BIA's conclusion that the background evidence Yu submitted fails to establish a pattern or practice of persecution of Roman Catholics in China.

*See* 8 C.F.R. §§ 208.13(b)(2), 208.16(b)(2); *Santoso v. Holder*, 580 F.3d 110, 112 (2d Cir. 2009)*; Mufied v. Mukasey*, 508 F.3d 88, 91 (2d Cir. 2007). In reaching that conclusion, the BIA did not engage in impermissible fact-finding. *See* 8 C.F.R. § 1003.1(d)(3)(iv). Rather, it properly examined *de novo* the uncontested facts in the

3

record, and reasonably determined that those facts did not meet the legal standard for demonstrating a pattern or practice of persecution. *See* 8 C.F.R. § 1003.1(d)(3)(ii); *see also Matter of H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 212 (BIA 2010); *Matter of A-S-B-*, 24 I. & N. Dec. 493, 496-97 (BIA 2008).

Nor do we find persuasive Yu's argument that the agency failed to consider all of the evidence in finding that his fear of future persecution was not objectively reasonable. Indeed, the agency acknowledged that "Christians, including Catholics, have been harassed in China, that house churches are interfered with by the government, and that church leaders and some lay persons have been detained and physically abused." However, the 2006 State Department Country Report on China and 2006 and 2007 State Department International Religious Freedom Reports from China indicate that, although harassment, violence, and destruction of underground churches occurs in China, many Catholics are able to practice their faith freely, participate in unregistered churches and prayer groups, and that many meet openly without incident. Thus, the record does not compel the conclusion that the BIA failed to consider any of Yu's

evidence. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 338 n.17 (2d Cir. 2006); *see also Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir. 2006).

**II. Illegal Departure, Withholding of Removal, and CAT Claims**

Because Yu has failed to challenge sufficiently the agency's denial of his illegal departure, withholding of removal, and CAT claims before this Court, we deem any such arguments waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk